**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GARY A. ZIERKE, SR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-047-DRH |
| | ) |
| **DARLENE VELTRI,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge one facet of his sentence resulting from his 1999 conviction in the United States District Court for the District of Nebraska.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner pleaded guilty to being a felon in possession of a firearm with three prior convictions, in violation of 18 U.S.C. §§ 922(g), 924(e); he was sentenced to 188 months imprisonment, followed by a five-year term of supervised release. *United States v. Zierke*, Case No. 98-cr-00111-JFB (D. Neb., filed May 21, 1998). He now claims that he should not have been

indicted, convicted, or sentenced as an armed career offender, as he believes that his civil rights had been restored for each of the underlying state convictions. *See* 18 U.S.C. § 921(a)(20).

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything

charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner asserts that his sentence should not have been enhanced due to his prior convictions because he believes those convictions should not have been counted. However, Petitioner pleaded guilty to being a felon in possession of a firearm with three prior convictions.

> It is well settled in this circuit that a plea of guilty waives any defense that might have been offered at trial. *United States v. Nunez*, 958 F.2d 196, 200 (7th Cir.), *cert. denied*, 506 U.S. 857, 113 S.Ct. 168, 121 L.Ed.2d 115 (1992). A defendant's plea of guilty admits, in legal effect, the facts charged and waives all non-jurisdictional defenses including those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *See id.*; *United States v. Brown*, 870 F.2d 1354, 1360 (7th Cir. 1989); *Eaton v. United States*, 458 F.2d 704, 707 (7th Cir.), *cert. denied*, 409 U.S. 880, 93 S.Ct. 208, 34 L.Ed.2d 135 (1972).

*United States v. Nash*, 29 F.3d 1195, 1201 (7th Cir. 1994). *See also United State v. Broce,* 488 U.S. 563, 574-76 (1989); *United States v. Wallace*, 280 F.3d 781, 784 (7th Cir. 2002); *Young v. United States*, 124 F.3d 794, 797 (7th Cir. 1997). By pleading guilty to having three prior convictions, Petitioner thus waived any later challenge that one or more of those prior convictions should not be counted against him.

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   May 24, 2005**

　　　　　　　　　　　　　　　　　　　/s/   David RHerndon
　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**